UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GROVER EDWIN SIMPSON IV, | ) | CASE NO. 1:20-cv-02767 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Commissioner of Social Security (the "Commissioner") denied Plaintiff Grover Edwin Simpson IV's ("Plaintiff" or "Simpson") January 19th, 2019 application for supplemental security income ("SSI").  After reconsideration of the initial denial, Administrative Law Judge ("ALJ") Eric Westley denied the claim on April 21, 2020.  (ECF No. 11, Soc. Sec. Transcript at PageID #87).  The Appeals Council declined further review of Plaintiff's SSI claim on October 15, 2020 (*Id*. at PageID #69), rendering the ALJ's decision final.  Plaintiff filed a complaint in District Court on December 16, 2020, seeking judicial review of the ALJ's decision.  (ECF No. 1, Compl. at PageID #1-2).  The case was originally assigned to Judge James S. Gwin on December 16, 2020 and then, pursuant to Local Rule 72.2(b), was locally assigned to Magistrate Judge Carmen E. Henderson ("Magistrate Judge" or "Judge Henderson") for a Report and Recommendation ("R&R").  The Magistrate Judge affirmed the Commissioner's ruling, denying the Plaintiff's claim on November 30, 2021.  The case was reassigned to District Judge Charles E. Fleming on March 18, 2022, pursuant to General Order 2022-07.  The Court will now conduct a *de novo* review of Judge Henderson's R&R after Plaintiff's objection to the R&R (ECF No. 18, Pl.'s Obj.), per 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

1

objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Plaintiff filed a brief on the merits claiming the ALJ made two errors when deciding Plaintiff's case: 1) the opinion of the psychological experts does not support the ALJ's decision to deny benefits, and 2) other evidence, particularly records from Opportunities for Ohioans with disabilities (Bureau of Vocational Rehabilitation), does not support the ALJ's decision. (ECF No. 12, Pl.'s Br. at PageID #822). Defendant argues that the ALJ's findings were supported by substantial evidence and made in accordance with relevant authority. (ECF No. 15, Def.'s Br. at PageID #860).

In objecting to the R&R, Plaintiff raises the same essential arguments, but adds that the ALJ failed to consider substantial evidence when determining the Plaintiff's residual functioning capacity ("RFC"). (ECF No. 18, Pl.'s Obj. at PageID #903). The Court will consider these objections to the R&R with "fresh eyes," as required by *de novo* review.

The Court first addresses the novel issue, whether the ALJ failed to consider substantial evidence when denying Plaintiff's application for SSI. Substantial evidence is a deferential standard, defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). As the R&R properly notes, this Court must affirm the Commissioner's decision when it's supported by substantial evidence, even if a court may have decided otherwise. *See generally Mullen v. Bowen*, 800 F.2d 535 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058 (6th Cir. 1983); 28 U.S.C. 45(g).

Plaintiff argues that reports from the consultive psychologist Dr. James Spindler (ECF No.

11, Soc. Sec. Transcript at PageID #402-409), state reviewing psychologists (Id. at PageID #151-167), and particularly Kathleen Reis, the Job Coach from the Opportunities for Ohioans with Disabilities (Id. at PageID #138-143) all represent substantial evidence that plaintiff is disabled and cannot engage in competitive work. (ECF No. 18, Pl.'s Obj. at PageID #904). The findings by the above professionals are not in dispute. Considering only these findings, Plaintiff may be correct. However, these reports were not the only pieces of evidence available to the ALJ. As the R&R notes, the ALJ rejected the findings of the state reviewing psychologists based on their inconsistencies with other available evidence, such as Plaintiff's consistently normal mental status. (ECF No. 17, R&R at PageID #895). Plaintiff mischaracterizes the Magistrate Judge's position by continuously mischaracterizing the articulation requirement of 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . ."). It is important to note, that, when articulating the reasons for their decisions, the reasons "need not be elaborate or even sophisticated, but…., simply clear enough to enable judicial review." *T-Mobile S., LLC v. City of Roswell, Ga.*, 574 U.S. 293, 302 (2015).

Plaintiff also argues that the ALJ ignored the probative conclusions of the Job Coach. (ECF No. 18, Pl.'s Obj. at PageID #907). Plaintiff claims that, by ignoring the Job Coach's recommendation, they have failed to consider the "record as a whole," as required by *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985) ("….failure to consider the record as a whole undermines the Secretary's conclusion."). (ECF No. 18, Pl.'s Obj. at PageID #908). There are two issues with this assertion. First, Plaintiff seems to argue that by not taking the recommendation of the Job Coach, the ALJ has explicitly rejected it. There is no evidence for this assertion. As the R&R correctly notes, The ALJ explicitly references the Job Coach's report

3

in his denial of SSI. (ECF No. 17, R&R at PageID #901-02). Second, Plaintiff applies inappropriate caselaw to the present matter. As previously mentioned, in his objection to the R&R, Plaintiff relies on *Hurst* to demonstrate that the ALJ has failed in his articulation requirement. However, Plaintiff's situation is better represented by *Dykes ex rel. Brymer v. Barnhart*, 112 Fed.Appx 463 (6th Cir. 2004).

In *Hurst*, an ALJ's ruling was overturned due to the ALJ's failure to address the treating physicians report and recommendation. *Hurst v. Sec. of Health and Human Services*, 753 F.2d 517, 520 (6th Cir. 1985). Additionally, there was potential evidence that the reports the ALJ relied upon were fraudulent. *Id*. at 521. Comparatively, when an ALJ did not rely on the report of a consultive examiner, the Sixth Circuit found no reason to reverse. *Dykes ex rel. Brymer,* 112 Fed.Appx at 468. At present, the only reports that Plaintiff claims are not properly supported are those of consultive examiners and the non-medical opinion of the Job Coach. Additionally, without any other evidence to show why the reports the ALJ found compelling should be disqualified, the precedent set in *Hurst* is not applicable to the present case.

When coming to her decision, Judge Henderson recognized that the ALJ relied on medical evidence, behavior records, and the Job Coach's report. (ECF No. 17, R&R at 894-902). Plaintiff's contention that the ALJ did not consider substantial evidence is not supported by the facts of the case, as the Magistrate Judge correctly found. Without a finding that the ALJ did not rely on substantial evidence, Plaintiff's reiteration of his first two claims cannot be supported.

The Court finds, after *de novo* review of the entire record in this matter, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the Court adopts as its own Judge Henderson's Report and Recommendation. The Court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

Dated: October 24, 2022

_____
JUDGE CHARLES E. FLEMING